# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

RONALD MICHAELS,

               Petitioner,                         Case Number: 1:08-CV-14661

v.                                         Honorable Thomas L. Ludington

MARK HACKEL,

               Respondent.

_____/

DOLORES MICHAELS,

               Petitioner,                         Case Number: 1:08-CV-14662

v.                                         Honorable Thomas L. Ludington

MARK HACKEL,

               Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONS FOR WRIT OF HABEAS CORPUS AND GRANTING CERTIFICATES OF APPEALABILITY

Petitioners Ronald Michaels and Dolores Michaels, through their attorney, have filed petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioners, who are husband and wife, challenge contempt proceedings initiated against them in the Macomb County Circuit Court. Petitioners contend that the contempt proceedings did not afford them due process under the Fifth and Fourteenth Amendments. The petitions are based on

identical facts and present identical legal questions, and the Court will thus address both petitions in a joint opinion pursuant to Federal Rule of Civil Procedure 42.  The Court does not have jurisdiction to address the petitions because Petitioners do not satisfy § 2254's "in custody" requirement.

# I

The Michaels have been engaged in protracted litigation with the Township of Macomb ("Macomb Township") regarding a composting operation maintained on their property.  The pending petitions concern the Macomb County Circuit Court's order holding the Michaels in contempt for violating a consent judgment.

In 1995, Macomb Township initiated a lawsuit in Macomb County Circuit Court against the Michaels alleging that the thirty-acres on which they operated their composting operation violated its zoning ordinance and was a nuisance *per se*.  The Michaels responded that their composting operation complied with the Michigan Right to Farm Act ("RTFA"), Mich. Comp. Laws §§ 286.471 - 474, and Generally Accepted Agricultural Management Practices (GAAMPs), which are incorporated into the RTFA.  *See Township of Richmond v. Rondigo*, Nos. 288625 & 290054, 2010 WL 1565576 (Mich. Ct. App. Apr. 20, 2010).  After nearly nine years of litigation, the parties agreed to a consent judgment, which was entered by the Macomb County Circuit Court on June 30, 2004.  The parties agree that the following portions of the consent judgment are relevant to the habeas petition:

> 1.    The defendants, RONALD and DOLORES MICHAELS, shall permanently cease receiving from off-site sources, leaves, grass, yard clippings, and other compost[a]ble materials at their farm in Macomb

Township and the composting site will be closed as of December 31st, 2005.

2.    All composting materials shall be removed from the composting operation no later than December 31st, 2007.[1]

In June 2008, Macomb Township filed a motion seeking an order finding the Michaels in contempt for violating the consent judgment.  The Circuit Court found the Michaels in breach of the consent judgment.  *See* Opinion and Order, *Township of Macomb v. Michaels,* No. 1995-4372-CZ (Macomb County Cir. Ct. Feb. 27, 2008).  The court ordered the Michaels to pay a fine of $250 each day after December 31, 2007, that they failed to comply with the consent judgment's mandate to remove all composting materials, including, "finished compost," and to pay Macomb Township's fees and costs for bringing the contempt motion.  *Id.* at 6.  The Circuit Court further provided that the Michaels would "both serve time in jail after thirty days of this Opinion and Order if they have continued to fail to comply with its terms."  *Id.*

On March 17, 2008, the Circuit Court granted the Michaels' motion to stay proceedings pending appeal.  *See* Order of Motion to Stay Proceedings Pending Appeal, *Township of Macomb v. Michaels,* No. 1995-4372-CZ .  Petitioners filed an application for leave to appeal in the Michigan Court of Appeals and a motion for immediate consideration.  The application for leave to appeal raised these claims:

---

[1]  The Michaels identify an additional portion of the consent judgment as relevant to the present proceeding:

5.    Any finished compost may be removed in bulk from the site and sold commencing with the effective date of this Consent Judgment.

I.     The trial court lacked jurisdiction over defendants because plaintiff failed to comply with M.C.R. 3.606 and other procedural requirements.

II.    The trial court abused its discretion by holding defendants in contempt without a due process contempt hearing.

III.   The trial court abused its discretion when it ordered defendants to serve time in jail.

IV.    The trial court erred when it fined defendants $250 on a per diem basis.

V.     The trial court erred in considering defendants' alleged intent in entering into the consent judgment, after it found that the consent judgment was unambiguous, and in construing the disputed terms other than according to their commonly used meanings.

The Michigan Court of Appeals granted immediate consideration and vacated the order to the extent that it ordered the Michaels to pay a fine which exceeded the statutory maximum of $7,500, and limited the total fine to that amount. In all other respects, the Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *Township of Macomb v. Michaels*, No. 284470 (Mich. Ct. App. March 28, 2008).

The Michaels filed an application for leave to appeal in the Michigan Supreme Court and a motion for immediate consideration. The Michaels raised the same claims raised in the Michigan Court of Appeals, with the exception of the claim upon which the Michigan Court of Appeals granted relief. The Michigan Supreme Court granted immediate consideration and denied leave to appeal. *Macomb Township v. Michaels*, No. 136134 (Mich. Apr. 11, 2008).

On March 28, 2008, Macomb Township filed a Motion for Order Incarcerating Ronald and Dolores Michaels and Requiring Defendants to Reimburse Township's Fees and

Costs in the Macomb County Circuit Court.  The Michaels filed a response to the motion on April 9, 2008.  On April 21, 2008, the Macomb County Circuit Court heard oral argument on the motion and adjourned the hearing until May 12, 2008, to allow a Macomb Township representative to conduct a site inspection.  The parties returned to circuit court on June 16, 2008.  The circuit court directed the parties to file supplemental pleadings regarding the condition of the property.  Additionally, the circuit court conducted a site inspection, with both counsel present, on June 30, 2008.

On July 18, 2008, the circuit court issued an Opinion and Order holding that the Michaels failed to comply with the consent judgment.  The circuit court ordered the Michaels to "a jail term of 30 days or until Defendants have removed the remaining composting material from their property . . ." Opinion and Order Re: Plaintiff's Motion for Incarceration of Defendants for Failure to Comply With Consent Judgment at 4.  The circuit court further ordered that when and if the Michaels believed they had complied with the court's order, they should contact Plaintiff's attorney to confirm compliance, and submit a stipulation to that effect. *Id.*  The Court directed the Michaels to report to the Macomb County Jail on July 22, 2008. *Id.*

One day before they were ordered to appear at the Macomb County Jail, the Michaels filed a motion for stay and an emergency application for leave to appeal in the Michigan Court of Appeals.  They raised these claims:

I.      The trial court lacked jurisdiction over defendants because plaintiff failed to comply with M.C.R. 3.606 and other procedural requirements.

II.      The trial court abused its discretion by ordering that defendants be incarcerated without affording defendants the requisite due process.

III.     The trial court abused its discretion when it ordered defendants to serve time in jail.

The Michigan Court of Appeals granted immediate consideration and denied the application for leave to appeal for lack of merit in the grounds presented. *People v. Michaels*, No. 286640 (Mich. Ct. App. July 21, 2008). The Michigan Court of Appeals also denied the motion for a stay. *Id.*

The Michaels then filed in the Michigan Supreme Court an application for leave to appeal, a motion for immediate consideration, and a motion for stay. The Michigan Supreme Court granted the motion for immediate consideration, denied leave to appeal, and denied as moot the motion for stay. *Macomb Township v. Michaels*, No. 136923 (Mich. Aug. 1, 2008). The Michaels then filed a motion for reconsideration and a motion for immediate consideration of that motion. On October 27, 2008, the Michigan Supreme Court granted immediate consideration and denied the Michaels' motion for reconsideration. *Macomb Township v. Michaels*, No. 136923 (Mich. Oct. 27, 2008).

On July 31, 2008, while the appeal was pending in the Michigan Supreme Court, the circuit court conducted an on-site inspection of the Michaels' property. On that same date, the circuit court issued an order that the Michaels be immediately released from the Macomb County Jail. *See* Order Releasing Defendants from Macomb County Jail, July 31, 2008.

On November 4, 2008, Dolores and Ronald Michaels each filed a petition for a writ of habeas corpus in this Court. The petitions present a single claim:

-6-

Ronald [and Dolores] Michaels [were] denied [their] rights to due process under the Fifth and Fourteenth Amendments, because the state court found that [they] should be incarcerated and that [they] were in contempt of a June 30, 2004 consent judgment without an evidentiary hearing or jury trial or even any evidence in the record before the state court, since the township of Macomb filed no affidavits or other evidence in support of its motion for contempt or motion for incarceration of Ronald [or Dolores] Michaels, and the only evidence in the record before the state court were affidavits which [the Michaels] submitted which proved that [they] had complied with the consent judgment.

Respondent has filed an answer contending that the claim raised in the petition is moot, that this Court lacks jurisdiction because the Michaels do not meet the "in custody" requirement, and that their claim is without merit. The Michaels filed a reply to Respondent's answer.

## II

The threshold question that must be addressed is whether the Court has jurisdiction. Respondent contends that the Court does not have jurisdiction. "For a federal court to have jurisdiction to grant a petition for a writ of habeas corpus under § 2254, a petitioner must be 'in custody pursuant to the judgment of a State court.'" *Steverson v. Summers*, 258 F.3d 520, 522 (6th Cir. 2001), *citing* 28 U.S.C. § 2254(a). *See also Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001). The custody requirement preserves the extraordinary nature of habeas corpus relief which historically "has been limited to cases of special urgency" involving "severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). The term "custody" is "not limited solely to physical confinement." *McVeigh v. Smith*, 872 F.2d 725, 727 (6th Cir. 1989). A petitioner who is

-7-

serving a term of probation and who has been released on parole or on personal recognizance is considered "in custody."  *Id.* (citing *Jones v. Cunningham*, 371 U.S. 236, 236-37 (1963)); *Hensley*, 411 U.S. at 349; *United States v. Hopkins*, 517 F.2d 420, 423-24 (3d Cir. 1975). Courts are to determine whether a person is "in custody" at the time the petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

In this case, the Macomb County Circuit Court ordered the Michaels released from custody on July 31, 2008, after they served six to ten days in jail.[2]  The circuit court ordered their immediate release after a site visit after which the Court concluded that substantial efforts had been made to remove the compost materials and after further assurances that such efforts would continue until the order was complied with fully.  The Michaels filed their habeas petitions on November 4, 2008, over three months after their release.  The Michaels concede that they were not in physical custody at the time they filed their petitions, but maintain that they satisfy the "in custody" requirement because they have not been unconditionally released from their sentences, the contempt order has not been purged, and they face immediate reincarceration if their efforts to comply with the consent judgment cease.  The Michaels argue that they are in analogous circumstance to those who are released on parole or probation or subject to a suspended sentence.

To determine whether a petitioner who is not in physical custody satisfies § 2254's

_____

[2] It is difficult to determine with certainty the precise amount of time served by the Michaels. The circuit court's order requiring their incarceration directed them to report to the Macomb County Jail on July 22, 2008.  If they did so and were released on July 31, 2008, they were incarcerated for ten days.  However, the Michaels' petitions indicate that they served six days in the Macomb County Jail.  Whether they served six or ten days in jail, however, is irrelevant to the issues presented.

custody requirement, it must be determined whether the petitioner is "subject to restraints not shared by the public generally" and whether the petitioner faces imminent incarceration. *Hensley v. Municipal Court, San Jose Milpitas Judicial Dist.,* 411 U.S. 345, 351 (1973). In *Hensley,* the Supreme Court concluded that a petitioner released on his own recognizance pending execution of a sentence satisfies § 2254's in-custody requirement. *Id.* The Supreme Court held that even though the petitioner's one-year jail sentence was stayed pending conclusion of the petitioner's direct and collateral appeals, the petitioner nevertheless was in custody because he suffered "restraints not shared by the public generally" and his future incarceration was a certainty. *Id.* at 351. Because the relevant California Penal Code imposed an obligation that the petitioner appear at all times and places as ordered by "any court or magistrate of competent jurisdiction," the petitioner could not "come and go as he pleases. His freedom of movement rests in the hands of state judicial officers, who may demand his presence at any time and without a moment's notice." *Id.*

Additionally, Hensley's future incarceration was not "a speculative possibility that depends on a number of contingencies over which he has no control." *Id.* at 352. Hensley remained at large "only by the grace of a stay entered by the state trial court and then extended" by the Supreme Court. *Id.* The Court found Hensley's "need to keep the stay in force . . . itself an unusual and substantial impairment of his liberty." *Id.*

In *Lawrence v. 48th District Court,* 560 F.3d 475 (6th Cir. 2009), the Sixth Circuit Court of Appeals, applying *Hensley,* held that a petitioner whose sentence for not reporting to probation and for failing to complete 500 hours of community service was stayed satisfied

the "in custody" requirement. The Court of Appeals, relying upon the factors articulated in *Hensley,* held that the personal bond imposed significant restraints on the petitioner's liberty not shared by the public generally because the petitioner could not come and go as he pleased. *Id.* at 480-81. Additionally, the petitioner's incarceration was not a "'speculative possibility' because, but for the stay, authorities could 'seize him.'" *Id.* at 480, *quoting Hensley*, 411 U.S. at 352.

Applying the *Hensley* factors to the immediate cases, it is apparent that the Michaels were not in custody at the time they filed their petitions. At the time their petitions were filed, the Michaels were not serving a term of probation, or released on parole or on their own recognizance. Nor were they subject to a suspended sentence. They were not subject to supervision, nor were they required to be at any particular place at a particular time. *Compare Barry v. Bergen County Probation Dept*., 128 F.3d 152, 160-62 (3d Cir. 1997) (finding that petitioner's sentence of 500 hours community service to be completed over three years significantly restrained his liberty and, consequently, constituted custody); *Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir. 1993) (finding a petitioner, who had been convicted of driving while intoxicated, "in custody" where petitioner was sentenced to fourteen hours of attendance at an alcohol rehabilitation program because petitioner suffered a "greater restraint on his liberty – mandatory class attendance – than the restraint suffered by a person who is released upon his own recognizance"). In summary, there were no limits to their freedom to come and go as they pleased.

The Michaels' contention that they might be re-incarcerated at any time if their efforts

at continued compliance with the consent judgment prove insufficient is unpersuasive. The possibility of future incarceration is sufficient to satisfy the "in custody" requirement if it is "imminent and inevitable." *Gonzalez-Fuentes v. Molina*, 607 F.3d 864, 874 n.8 (1st Cir. 2010), *citing Hensley*, 411 U.S. at 351-52. The Michaels possible future incarceration does not "depend[] on a number of contingencies over which [they have] no control." *Hensley*, 411 U.S. at 351-52. On the contrary, by continuing to comply with the consent judgment and the trial court's July 18, 2008 order, the Michaels will be able to avoid incarceration.

In *Musilli v. The Googasian Law Firm*, No. 10-10720, 2010 WL 2595552 (E.D. Mich. June 24, 2010), the court addressed whether habeas petitioners satisfied the "in custody" requirement in their challenge to a criminal contempt conviction. The underlying case involved a dispute over an attorney referral fee. The state court ordered the petitioners to deposit money into an escrow account and to refrain from transferring assets until that had been completed. The petitioners failed to escrow the funds and the trial court found them in contempt. The trial court sentenced the petitioners to thirty days in jail. The sentence was stayed when the parties entered into settlement discussions. The parties reached a settlement agreement which provided for dismissal of the contempt charge and dismissal of the lawsuit in exchange for the petitioners' promise to each pay $100,000 to the plaintiff. The petitioners failed to satisfy their monetary obligations. The trial court reinstated the contempt proceedings and the petitioners served three days of their thirty day sentence. At the time they filed the petition, the petitioners had not yet fulfilled their monetary obligations. *Id.* at *4-5.

The district court found that the petitioners were not in custody at the time they filed their petition. *Id.* at *5. They had been released a year and a half before filing the habeas petition and were not on parole or probation when they filed the petition. The district court held that "[e]ven if petitioners could establish that the state trial court is inclined to impose another jail sentence should petitioners fail to pay the state court judgment, this possible outcome is not enough to invoke the court's habeas corpus jurisdiction." *Id.*

Similarly, the possibility of the Michaels' future incarceration is neither imminent nor inevitable. Nothing in the order of release provides for their future incarceration. The docket sheet for the state court proceeding indicates that, on April 16, 2009, the circuit court held that defendants had satisfied the June 30, 2004, consent judgment. Thus, while future incarceration may remain a theoretical possibility, it is no more than that and is insufficient to establish custody. *Accord Thrower v. City of Akron*, 43 F. App'x 767, 768 (6th Cir. 2002) (holding that the potential for future incarceration for failure to pay a court-imposed fine insufficient to satisfy the "in custody" requirement); *Williamson v. Gregoire*, 151 F.3d 1180, 1184 (9th Cir. 1998) (finding that the "potentiality for future incarceration" of a petitioner who fails to follow State's sexual offender registration requirements is insufficient to satisfy the custody requirement); *Barry v. Bergen County Probation Dept.*, 128 F.3d 152, 166 (3d Cir. 1997) ("The potential for future incarceration [if a fine is not paid] is insufficient to confer jurisdiction because the person can avoid incarceration by meeting his obligation and thus holds the 'keys to the prison' in his pocket."); *Hansen v. Marr*, 594 F. Supp. 2d 1097, 1100-01 (D. Neb. 2009) (holding that registration as a sex offender, and the potential for

-12-

future incarceration for failure to do so, does not satisfy the "in custody" requirement for habeas relief).

In sum, at the time they filed their petitions, the Michaels were not incarcerated, on probation, released on personal recognizance or otherwise subject ot restraints on their individual liberty.  Nor was the possibility of future incarceration imminent and inevitable.  The Michaels do not satisfy the "in custody" requirement and this Court lacks jurisdiction over the petition.

### III

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).

Reasonable jurists could find the conclusion that Michaels did not satisfy § 2254's "in custody" requirement to be debatable or wrong.  Accordingly, the Court will grant petitioners' requests for a certificate of appealability.

-13-

**IV**

Accordingly, it is **ORDERED** that the petitions for writs of habeas corpus filed by

Ronald Michaels and Dolores Michaels are **DISMISSED**.

It is further **ORDERED** that a certificate of appealability is **GRANTED**.


s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: November 1, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 1, 2011

s/Tracy A. Jacobs
TRACY A. JACOBS